UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 4:23-cv-00484 |
| § | |
| GROUP SURGICAL PARTNERS § | |
| INTEGRATED LLC; JORDAN C. § | |
| FOWLER; PSN AFFILIATES, LLC; § | |
| PAUL SALINAS; VUDHI V. SLABISAK; § | |
| STAR MEDICAL CENTER, LLC; § | |
| MICHAEL S. TURNER § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff JPMorgan Chase Bank, N.A ("Plaintiff" or "JPMC") files its Original Complaint against Defendants Group Surgical Partners Integrated LLC ("Group Surgical" or "Borrower"), Jordan C. Fowler ("Fowler"), PSN Affiliates, LLC ("PSN"), Paul Salinas ("Salinas"), Vudhi V. Slabisak ("Slabisak"), Star Medical Center, LLC ("Star Medical"), and Michael S. Turner ("Turner") (Fowler, PSN, Salinas, Slabisak, Star Medical, and Turner are collectively "Guarantors") and states as follows:

### I. THE PARTIES

1. JPMorgan Chase Bank, N.A. is a national banking association with its main office, as designated by its Articles of Association, located in Columbus, Ohio. For the purposes of diversity, JPMC is a citizen of Ohio.

2. Group Surgical Partners LLC is a Texas limited liability company whose members are Frisco Spine Properties, LLC; Comprehensive Neurosurgery, PLLC; PSN Affiliates, LLC; Vudhi V. Slabisak, MD; and Shamim Justina Badiyan, MD (aka Shamin Justin Badiyan, MD). On

information and belief, the sole member of member Frisco Spine Properties, LLC is defendant Paul Salinas, who is an individual residing in Collin County, Texas; the sole member of Comprehensive Neurosurgery, PLLC is defendant Michael S. Turner, who is an individual residing in Denton County, Texas; and the sole member of PSN Affiliates, LLC is defendant Jordan Fowler, who is an individual residing Palm Beach County, Florida.  Group Surgical's individual members Vudhi V. Slabisak, MD resides in Collin County, Texas and Shamim Justina Badiyan, MD (aka Shamin Justin Badiyan, MD) resides in Denton County, Texas.  Group Surgical may be served with process through its registered agent Cogency Global, Inc., 1601 Elm St., Dallas, Texas 75201. For the purposes of diversity, Group Surgical is a citizen of Texas and Florida.

3. Jordan C. Fowler is an individual who resides in Palm Beach County, Florida. He may be served with process at 152 Reef Road, Palm Beach, Florida 33480. For the purposes of diversity, Fowler is a citizen of Florida.

4. PSN Affiliates, LLC is a Texas limited liability company whose sole member is defendant Jordan Fowler, an individual residing Palm Beach County, Florida. PSN Affiliates may be served with process through its registered agent Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201. For the purposes of diversity, PSN Affiliates is a citizen of Florida.

5. Paul Salinas is an individual who resides in Collin County, Texas. He may be served with process at 44 Clear Pond Drive, Frisco, Texas 75034. For the purposes of diversity, Salinas is a citizen of Texas.

6. Vudhi V. Slabisak is an individual who resides in Collin County, Texas. He may be served with process at 416 Woodlake Dr., Allen, Texas 75013. For the purposes of diversity, Slabisak is a citizen of Texas.

7.     Star Medical Center, LLC is a Texas limited liability company whose members are Gadzoom, LLC; Frisco Spine Hospital, LLC; Comprehensive Neurosurgery, PLLC; Caesarea Capital, LLC; Richard G. Buch, M.D., P.A. dba Dallas Limb Restoration Center; Paul D. Saadi, M.D., PLLC; GLH Futures, LLC; Badiyan Pain Management, PLLC; PSN Affiliates, LLC; Frederick Duffy, MD; Brice McKane, MD; and Vudhi V. Slabisak, MD.  On information and belief, the sole member of Gadzoom, LLC is Ricky Kalra, who is an individual residing in Collin County, Texas; the sole member of Frisco Spine Hospital, LLC is defendant Paul Salinas, who is an individual residing in Collin County, Texas; the sole member of Comprehensive Neurosurgery, PLLC is defendant Michael S. Turner, who is an individual residing in Denton County, Texas; the sole member of Caesarea Capital, LLC is Yoav Hahn, who is an individual residing in Dallas County, Texas; the sole member of Richard G. Buch, M.D., P.A. dba Dallas Limb Restoration Center is Richard G. Buch, who is an individual residing in Dallas County, Texas; the sole member of Paul D. Saadi, M.D., PLLC is Paul D. Saadi, who is an individual residing in Dallas County, Texas; the sole member of GLH Futures, LLC is Colin Pero, M.D., who is an individual residing in Dallas County, Texas; the sole member of Badiyan Pain Management, PLLC is S. Justin Badiyan, who is an individual residing in Denton County, Texas, and the sole member of PSN Affiliates, LLC is defendant Jordan Fowler, who is an individual residing in Palm Beach County, Florida.  Star Medical's individual members Frederick Duffy, MD resides in Dallas County, Texas; Brice McKane, MD resides in Tarrant County, Texas; and Vudhi V. Slabisak, MD resides in Collin County, Texas. Star Medical may be served with process through its registered agent Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201. For the purposes of diversity, Star Medical is a citizen of Texas and Florida.

8. Michael S. Turner is an individual who resides in Denton County, Texas. He may be served with process at 2605 Queen Elaine Dr., Lewisville, Texas 75056. For the purposes of diversity, Turner is a citizen of Texas.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because plaintiff JPMC on the one hand, and defendants Borrower and Guarantors on the other hand, are citizens of different states and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over Borrower and Guarantors because this lawsuit arises out of activities conducted in this judicial district and Borrower and Guarantors have purposefully availed themselves of the laws of the State of Texas. Specifically, as alleged more fully below, Borrower entered into loan agreements with JPMC that include governing law, jurisdiction, and venue provisions in favor of the State of Texas. The collateral securing repayment is located in Texas. In addition, each of the Guarantors entered into guaranty agreements that were expressly made to induce JPMC to extend credit to Borrower. As alleged more fully below, the guaranty agreements include governing law, jurisdiction, and venue provisions in favor of the State of Texas.

11. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b)(2) because it is the judicial district where a substantial part of the events or omissions giving rise to the claims occurred, and where a substantial part of the collateral property is situated. In addition, as alleged more fully below, the applicable loan agreements and guaranty agreements include governing law, jurisdiction, and venue provisions in favor of the State of Texas.

### III. STATEMENT OF FACTS

**The Loan Documents**

A. Loan 0005[1]

12. On or about April 30, 2018, Group Surgical executed a Term Note in the original principal amount of $6,350,000 payable to JPMC evidencing a loan made by JPMC to Group Surgical.

13. On or about April 30, 2018, Group Surgical executed a Credit Agreement in favor of JPMC in connection with the Loan 0005 Term Note. The Credit Agreement includes a provision that requires application of Texas law, that Borrower consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.

14. On or about April 30, 2018, Group Surgical executed a Continuing Security Agreement in favor of JPMC with respect to all Liabilities as defined therein, including without limitation the 0005 Loan.

15. On or about April 30, 2018, Jordan C. Fowler executed a Continuing Guaranty in favor of JPMC, PSN Affiliates, LLC executed a Continuing Guaranty in favor of JPMC, Paul Salinas executed a Continuing Guaranty in favor of JPMC, Vudhi V. Slabisak executed a Continuing Guaranty in favor of JPMC, and Michael S. Turner executed a Continuing Guaranty in favor of JPMC, each with respect to all Liabilities as defined therein, including without limitation the 0005 Loan.[2] These Continuing Guaranties are collectively the "2018 Continuing Guaranties."

---

[1] The loan account number ends in 0005.
[2] The Fowler and PSN Affiliates guaranty agreements are unlimited. The Salinas, Slabisak, and Turner guaranty agreements include monetary limitations as specified in each respective guaranty agreement.

**PLAINTIFF'S ORIGINAL COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

16. The 2018 Continuing Guaranties are absolute guaranties of payment and performance and not of collection. The obligations under the 2018 Continuing Guaranties are joint and several among the Guarantors. The 2018 Continuing Guaranties include a provision that requires application of Texas law, that each guarantor consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.

17. On or about February 22, 2019, Group Surgical executed a Note Modification Agreement that modified the Loan 0005 Note.

18. On or about May 20, 2021, Group Surgical executed a Note Modification Agreement that modified the Loan 0005 Note. This Note Modification Agreement changed the maturity date such that "[a]ll unpaid principal and accrued and unpaid interest is finally due and payable on May 20, 2023."

19. On or about May 20, 2021, Star Medical Center, LLC executed a Continuing Security Agreement in favor of JPMC with respect to all Liabilities as defined therein, including without limitation the 0005 Loan.

20. On or about May 20, 2021, Star Medical Center, LLC executed a Continuing Guaranty in favor of JPMC with respect to all Liabilities as defined therein, including without limitation the 0005 Loan (the "Star Medical Continuing Guaranty – 0005 Loan"). The Star Medical Continuing Guaranty – 0005 Loan is an absolute guaranty of payment and performance and not of collection. The obligations under the Star Medical Continuing Guaranty – 0005 Loan are joint and several among the Guarantors. The Star Medical Continuing Guaranty – 0005 Loan includes a provision that requires application of Texas law, that Star Medical consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.[3]

---

[3] The Star Medical guaranty agreement is unlimited.

21. The Loan 0005 Note, Modifications, Credit Agreement, Security Agreements, Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, and any and all other documents executed by any party in connection with the 0005 Loan, and any and all amendments and modifications thereto, are collectively the "0005 Loan."

### B. Loan 0006[4]

22. On or about April 30, 2018, Group Surgical executed a Term Note in the original principal amount of $3,500,000 payable to JPMC evidencing a loan made by Chase to Group Surgical.

23. On or about April 30, 2018, Group Surgical executed a Credit Agreement in favor of JPMC in connection with the Loan 0006 Note. The Credit Agreement includes a provision that requires application of Texas law, that Borrower consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.

24. On or about April 30, 2018, Group Surgical executed a Continuing Security Agreement in favor of JPMC with respect to all Liabilities as defined therein, including without limitation the 0006 Loan.

25. On or about April 30, 2018, the 2018 Continuing Guaranties were executed in favor of JPMC, each with respect to all Liabilities as defined therein, including without limitation the 0006 Loan.

26. On or about February 22, 2019, Group Surgical executed a Note Modification Agreement that modified the Loan 0006 Note.

27. On or about May 20, 2021, Group Surgical executed a Note Modification Agreement that modified the Loan 0006 Note. This Note Modification Agreement changed the

---

[4] The loan account number ends in 0006.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                              Page 7

maturity date such that "[a]ll unpaid principal and accrued and unpaid interest is finally due and payable on May 20, 2023."

28. On or about May 20, 2021, the 2021 Star Medical Security Agreement was executed in favor of JPMC with respect to all Liabilities as defined therein, including without limitation the 0006 Loan.

29. On or about May 20, 2021, Star Medical Center, LLC executed a Continuing Guaranty in favor of JPMC with respect to all Liabilities as defined therein, including without limitation the 0006 Loan (the "Star Medical Continuing Guaranty – 0006 Loan"). The Star Medical Continuing Guaranty – 0006 Loan is an absolute guaranty of payment and performance and not of collection. The obligations under the Star Medical Continuing Guaranty – 0006 Loan are joint and several among the Guarantors. The Star Medical Continuing Guaranty – 0006 Loan includes a provision that requires application of Texas law, that Star Medical consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.[5]

30. The Loan 0006 Note, Modifications, Credit Agreement, Security Agreements, Continuing Guaranties, and Star Medical Continuing Guaranty – 0006 Loan and any and all other documents executed by any party in connection with the 0006 Loan, and any and all amendments and modifications thereto, are collectively the "0006 Loan."

---

[5] The Star Medical guaranty agreement is unlimited.

**PLAINTIFF'S ORIGINAL COMPLAINT**  Page 8

C. **Loan 0007[6]**

31. On or about May 20, 2021, Group Surgical executed a Term Note in the original principal amount of $1,500,000 payable to JPMC evidencing a loan made by JPMC to Group Surgical.

32. On or about May 20, 2021, Group Surgical executed a Credit Agreement in favor of Chase in connection with the Loan 0007 Note. The Credit Agreement includes a provision that requires application of Texas law, that Borrower consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.

33. On or about May 20, 2021, the 2021 Star Medical Security Agreement was executed in favor of Chase with respect to all Liabilities as defined therein, including without limitation the 0007 Loan.

34. On or about May 20, 2021, Star Medical Center, LLC executed a Continuing Guaranty in favor of Chase with respect to all Liabilities as defined therein, including without limitation the 0007 Loan (the "Star Medical Continuing Guaranty – 0007 Loan").  The Star Medical Continuing Guaranty – 0007 Loan is an absolute guaranty of payment and performance and not of collection. The obligations under the Star Medical Continuing Guaranty – 0007 Loan are joint and several among the Guarantors. The Star Medical Continuing Guaranty – 0007 Loan includes a provision that requires application of Texas law, that Star Medical consents to non-exclusive jurisdiction in Texas, and that venue is proper in state or federal court located in Texas.[7]

35. On or about April 30, 2018, the prior Security Agreements were executed in favor of JPMC, each with respect to all Liabilities as defined therein, including without limitation the 0007 Loan.

---

[6] The loan account number ends in 0007.
[7] The Star Medical guaranty agreement is unlimited.

36. On or about April 30, 2018, the 2018 Continuing Guaranties were executed in favor of JPMC, each with respect to all Liabilities as defined therein, including without limitation the 0007 Loan.

37. The Loan 0007 Note, Modifications, Credit Agreement, Security Agreements, Continuing Guaranties, Star Medical Continuing Guaranty – 0007 Loan, and any and all other documents executed by any party in connection with the 0007 Loan, and any and all amendments and modifications thereto, are collectively the "0007 Loan."

**Borrower and Guarantors' Default**

38. The maturity date for each of the 0005 Loan, 0006 Loan, and 0007 Loan was May 20, 2023.

39. Group Surgical did not pay the amount due on the maturity date for each of the 0005 Loan, 0006 Loan, and 0007 Loan.

40. The 0005 Loan, 0006 Loan, and 0007 Loan are in default as a result of Group Surgical's failure and refusal to pay amounts when due under the Notes.

41. Under the 2018 Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan, Guarantors agreed that upon Borrower's failure to pay as obligated by the 0005 Loan, 0006 Loan, and 0007 Loan that Guarantors would pay any amounts due.

42. Guarantors are in default under the 2018 Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan, as a result of their failure and refusal to pay amounts when due.

43. JPMC owns and holds the 0005 Loan, 0006 Loan, and 0007 Loan, including the Notes and Continuing Guaranties.

44. JPMC performed all of its obligations under the 0005 Loan, 0006 Loan, and 0007 Loan, and satisfied all conditions precedent to payment.

45. Borrower and Guarantors materially breached their obligations under the 0005 Loan, 0006 Loan, and 0007 Loan, including the 2018 Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan,

46. As a direct and proximate result of Borrower and Guarantors' breach, JPMC has been damaged and has incurred fees and costs as a result of the breach.

47. JPMC is entitled to recover against Borrower and Guarantors, jointly and severally, the full amounts due under the 0005 Loan, 0006 Loan, and 0007 Loan.

48. JPMC is entitled to recover against Borrowers and Guarantors its reasonable costs and expenses relating to the default including, but not limited to, JPMC's attorneys' fees and costs.

### IV.   CAUSES OF ACTION

#### COUNT A – BREACH OF CONTRACT (AGAINST ALL DEFENDANTS)

49. JPMC incorporates by reference the allegations previously set forth above.

50. The 0005 Loan, 0006 Loan, and 0007 Loan, including the Notes, Modifications, Credit Agreements, Security Agreements, 2018 Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan, are valid and enforceable.

51. Without legal justification or excuse, Borrower and Guarantors materially breached the 0005 Loan, 0006 Loan, and 0007 Loan, including the Continuing Guaranties, Star Medical

Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan, by failing to perform their obligations thereunder.

52. As a direct and proximate result of the breaches by Borrower and Guarantors, JPMC has suffered damages.

53. Borrower and Guarantors are jointly and severally liable to JPMC and for the payment of damages JPMC has suffered.

54. JPMC has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Borrower and Guarantors in accordance with the 0005 Loan, 0006 Loan, and 0007 Loan, including the 2018 Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan. JPMC will incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Borrower and Guarantors jointly and severally.

### COUNT B – ATTORNEYS' FEES (AGAINST ALL DEFENDANTS)

55. JPMC incorporates by reference the allegations set forth above.

56. JPMC is entitled to recover its attorneys' fees and costs of collection pursuant to the 0005 Loan, 0006 Loan, and 0007 Loan, including without limitation under the 2018 Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan, and pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*, as well as any fees incurred on appeal of this matter.

57. As a result of Borrower and Guarantors' failures to pay, JPMC has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Borrowers and Guarantors jointly and severally.

58. JPMC will incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which shall also be the responsibility of Borrower and Guarantors jointly and severally.

59. JPMC is entitled to recover its attorneys' fees and costs in an amount to be proven at trial.

60. Borrower and Guarantors are jointly and severally liable for the attorneys' fees JPMC has incurred and will continue to incur in this action.

## V. PRAYER FOR RELIEF

WHEREFORE, JPMC respectfully requests that the Court award judgment on its claims against Borrower and Guarantors, jointly and severally, as follows:

A. For all damages available including without limitation all principal, accrued interest, fees, and all late charges under the 0005 Loan, 0006 Loan, and 0007 Loan, including without limitation the Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan;[8]

B. All court costs and attorneys' fees incurred by JPMC in the enforcement of its rights and remedies under the 0005 Loan, 0006 Loan, and 0007 Loan, including without limitation the Continuing Guaranties, Star Medical Continuing Guaranty – 0005 Loan, Star Medical Continuing Guaranty – 0006 Loan, and Star Medical Continuing Guaranty – 0007 Loan; and

C. For such other and further relief as the Court may deem just and equitable.

---

[8] The Salinas, Slabisak, and Turner guaranty agreements include monetary limitations as specified in the respective guaranty agreements. JPMC does not seek damages from Salinas, Slabisak or Turner that exceed the limitations specified in their respective guaranty agreements.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                             Page 13

Respectfully submitted,

*/s/ Gregory M. Sudbury*
GREGORY M. SUDBURY
State Bar No. 24033367
ERIC G. CARLSON
State Bar No. 24100076
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan St., Suite 1800
Dallas, TX 75201
(214) 871-2100
(214) 871-2111 (FAX)
gsudbury@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR PLAINTIFF JPMORGAN CHASE BANK, N.A.**